Filed 5/16/23  P. v. Torrez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085501 |
| Plaintiff and Respondent, | (Super. Ct. No. F22903372) |
| v. | |
| LARRY ORDUNA TORREZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Leanne Le Mon, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Larry Orduna Torrez challenges the trial court's finding of incompetence, arguing it is flawed because of the failure to order a second evaluation pursuant to Penal Code[1] section 1369, subdivision (a). Our review of the record provided to this court leads us to conclude there was no error on the part of the court in failing to order a second evaluation, and further that the finding of incompetence to proceed was supported by the record. We affirm the judgment.

## PROCEDURAL SUMMARY

On May 10, 2022, a felony complaint was filed alleging defendant committed one count of assault with a deadly weapon (§ 245, subd. (a)(1), a felony). The complaint further alleged defendant had two prior felony convictions pursuant to section 1203, subdivision (e)(4). During a hearing held one week later, defense counsel expressed doubts about defendant's competence. The court then suspended proceedings and appointed a doctor to complete an evaluation of defendant's competency.

Although an initial hearing date had been scheduled for June 2022, delays due to defendant being placed into quarantine twice, resulted in a report not being available until September 2022. After summarizing defendant's psychiatric history and the various psychological tests administered, Dr. Howard Terrell stated, "defendant presented as a paranoid, psychotic and irrational gentleman." Terrell then offered his opinion defendant "suffers from a psychotic mental disorder, which renders him unable to assist his attorney in a rational manner for the preparation of a legal defense."

A hearing was eventually held on September 30, 2022, at which time defendant was present. The court received the report prepared by Terrell and asked if counsel was willing to stipulate to the report. Both defense counsel and the People answered in the affirmative. The court then found defendant to be incompetent based on Terrell's report

---

[1]     All further statutory references will be to the Penal Code.

2.

and ordered a new evaluation to be prepared to help determine a proper placement for defendant at the next hearing.  At this point, defendant asked to be heard and stated:

> "If I may speak?  I'm not sure how I failed that report to get a good report from the psych [be]cause, um, the questions that he asked were pretty basic questions like adding, you know, a number to another number and doubling it.  I'm not sure what I did wrong as far as the report [be]cause I'm a pretty smart man.  I mean, there's nothing wrong with me at all.  Just—I'm calm, humble.  I don't know what to do with, you know, to have failed that report from the—I don't need medication.  It doesn't—I'm kind of surprised that that report came back like that.  I don't know."

In response, the court offered defendant an explanation on how the matter would now proceed:

> "And what will happen, just so that I can explain it to you, and I'm re-reviewing my notations in the report as well as what … Terrell noted, which he did state that you were not interested in any medication but that there appeared to be concerns regarding the interview he had with you and your ability to understand the criminal proceedings.  What will happen is CONREP, which is mental health services, will review the reports to determine what they believe the appropriate placement would be.  If there's a determination that they don't believe that you need placement in the state hospital for restoration, then they will let us know.  I am not an expert when it comes to psychiatric disorders, so I consider the reports that are submitted.  And it looks like based on the report that was submitted—and it's not a matter of intelligence.  You could be a genius and still have psychological issues that make you unable to understand the proceedings.  So it's more of a matter of … Terrell's assessment that he did not believe that you understood the proceedings."

Defendant's response to this explanation was to express concern about having to take medication and the potential consequences if he refused.  After defendant confirmed he would be seeing another doctor for the placement evaluation, he sought confirmation that he would not be penalized for refusing the medication before the next hearing.  Defendant then made another statement to the court, not questioning the accuracy of the report, but attempting to explain his reasons for making certain statements within the report that he wanted investigated.  When he was finished, the court asked defendant's

3.

attorney if he was willing to submit on the report, and the attorney stated he was. The court then reiterated its conclusion defendant was incompetent and lacked the ability to make decisions about medication.

On November 4, 2022, the court ordered defendant be placed with the State Department of State Hospitals, for the purpose of regaining his competence, for a period not to exceed two years. The court also ordered that defendant could be involuntarily medicated for a period of up to one year. This appeal followed.

## **DISCUSSION**

Despite efforts to reinterpret the evidence submitted to the court on the issue of competency, defendant does not really challenge the sufficiency of the evidence supporting the trial court's finding of incompetence. However, once a determination on competency is made, we review that determination for substantial evidence, "viewing the evidence in the light most favorable to th[e] determination." (*People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1514.) We believe the evaluation submitted by Terrell provides substantial evidence supporting the court's finding of incompetence.

Defendant's real challenge on appeal is that the court failed to order a second evaluation before making its finding on the issue of competence. Defendant states in his brief that he was not seeking a finding of incompetence by the trial court, and therefore, a second evaluation was required. The record reveals neither defendant nor his attorney ever made a specific statement to the court indicating an objection to a finding of incompetence. We must therefore consider whether the discussion defendant engaged in with the court about being forced to take medication and the reason he made certain statements during the evaluation process, triggered his statutory right to a second evaluation.

4.

The relevant language governing this issue is found in section 1369, subdivision (a)(1):

> "The court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant. If the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof. One of the psychiatrists or licensed psychologists may be named by the defense and one may be named by the prosecution."

"As a matter of due process, '[a] defendant may not be put to trial unless he " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding … [and] a rational as well as factual understanding of the proceedings against him.' " ' " (*People v. Buenrostro* (2018) 6 Cal.5th 367, 386.) However, case law has held that the language in section 1369 addressing the availability of a second evaluation reflects a statutory right rather than a constitutional one. (*People v. Leelu* (2019) 42 Cal.App.5th 1023, 1031.) Therefore, if defendant can show the trial court erred by not ordering a second evaluation, to prove it was prejudicial error justifying a reversal, defendant will be required to "demonstrate there is a reasonable probability that in the absence of the error he or she would have obtained a more favorable result." (*People v. Lightsey* (2012) 54 Cal.4th 668, 699, citing *People v. Watson* (1956) 46 Cal.2d 818.)

We do not believe defendant raised a sufficient objection to the trial court's decision to evaluate his competence before proceeding with the criminal complaint, or during the process leading up to the hearing on competence, to trigger the statutory right for a second evaluation under section 1369, subdivision (a)(1). At no time before the hearing on competency did defendant raise any objections to the process of evaluating his competency. The discussion quoted above between defendant and the court during the competency hearing focused on the issue of medication and whether he would be forced

5.

to be medicated. Defendant's comments about why he made certain comments to the evaluator also do not evidence an objection to being found incompetent.

A trial court is not required to seek a second evaluation on the off chance the defendant might be inferring he or she does not seek a finding of incompetence. (See *People v. Lawley* (2002) 27 Cal.4th 102,133.) Therefore, unless a defendant or defendant's counsel expressly informs a court during this process that a defendant is not seeking a finding of incompetence, or evidence exists in the record supporting a conclusion the defendant would be opposed to a finding of incompetence, a trial court is not required to appoint a second mental health expert under section 1369, subdivision (a)(1). (*People v. D'Arcy* (2010) 48 Cal.4th 257, 281; see also *People v. Leelu*, *supra*, 42 Cal.App.5th at p. 1030 [while not objecting himself, defense counsel noted the evaluation showed defendant strenuously denied the existence of any present or past mental health symptoms or treatment].) The record in this appeal, including the evaluation prepared by Terrell, provided no such evidence, let alone an express request for a second evaluation. However, while we are confident in our conclusion, we also believe if the failure to order a second evaluation was error, defendant failed to demonstrate a reasonable probability existed that a second evaluation would have resulted in a different ruling. (*People v. Lightsey*, *supra*, 54 Cal.4th at p. 699.)

## DISPOSITION

The order finding defendant incompetent is affirmed.